IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| VINCEQUELLA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:14cv646-SRW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

Plaintiff Vincequella Johnson commenced this action on July 1, 2014, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying his claim for a period of disability and disability insurance benefits. On August 7, 2012, the Administrative Law Judge ("ALJ") issued an adverse decision.[1] The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed and this cause remanded for further proceedings.

---

[1] Plaintiff had two hearings before the ALJ. The first was held on June 10, 2011. After the hearing, the ALJ could not locate the digital recording. Therefore, a second hearing was conducted on April 26, 2012. (Doc. # 14-2 at p. 13). The ALJ's written decision refers only to the events and record of the second hearing. Plaintiff was represented by counsel at the second hearing before the ALJ.

1

**STANDARD OF REVIEW**

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Richardson v. Perales, 402 U.S. 389, 390 (1971); Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. It is "more than a scintilla, but less than a preponderance." Id. A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact de novo even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions de novo because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. Cornelius v. Sullivan, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), overruled on other grounds by Johnson v. Apfel, 189 F.3d 561, 562-63 (7th Cir. 1999); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

>Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

Pope, 998 F.2d at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. Id.

**DISCUSSION**

Plaintiff alleges a disability onset date of August 11, 2009. He was 42 years old when the ALJ issued his adverse decision. At the first step of the sequential process, the ALJ determined that plaintiff met the insurance requirements of the Social Security Act through December 31, 2014. At step two, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Proceeding to the third step, the ALJ found that plaintiff suffers from the following severe impairments: lumbar degenerative disc disease; mild to moderate left carpal tunnel syndrome; mildly active post traumatic ulnar neuropathy, status post-stab wound; headaches; and obesity. Plaintiff's ulnar neuropathy and stab wound affect his left arm. At step four, the ALJ concluded that none of the plaintiff's severe impairments, individually or collectively, meets a listed impairment in 20 C.F.R. pt. 404, subpt. P, app. 1 (2014).

At step five, the ALJ developed a residual functional capacity ("RFC") assessment limiting plaintiff to light work with certain exceptions. The exceptions material to the disposition of this appeal are that plaintiff "cannot perform activities requiring fingering with the non-dominant [left] hand … [and] [h]e can engage in only occasional reaching,

handling and feeling with the non-dominant hand." (Doc. # 14-2 at p. 26). Based on the RFC and the testimony of a vocational expert, the ALJ determined that there are jobs existing in significant numbers in the national and local economy that plaintiff can perform given his RFC limitations. The ALJ concluded that plaintiff is not disabled.

At the time of plaintiff's hearing before the ALJ, the medical evidence of record included opinions and records from five physicians – Dr. James Anderson, Dr. Michael Edward Davis, Dr. Wael Hamo, Dr. Karen Mockler, and Dr. Al Vester. Dr. Anderson is a consultative examiner who never personally examined the plaintiff. The ALJ afforded "great weight" to Dr. Anderson's opinion. (Doc. # 14-2 at p. 29). Dr. Davis, an orthopedist, treated plaintiff following a back injury, and the ALJ gave substantial weight to his opinions. (Id.). Dr. Davis did not treat plaintiff for ulnar neuropathy or other effects from the stabbing injury. Dr. Hamo is plaintiff's treating neurologist; he treated plaintiff's stab wound and the complications arising from that injury, including ulnar neuropathy, since the date of the injury. Dr. Vester, who practices in the area of internal medicine, examined plaintiff on only one occasion. The ALJ gave "some weight" to Dr. Hamo's and Dr. Vester's opinions, rejected Dr. Vester's medical source statement, and rejected Dr. Hamo's medical source statement dated February 23, 2012. (Doc. # 14-2 at p. 30). The ALJ gave little to no weight to Dr. Mockler's opinions and rejected her medical source statements. Dr. Mockler is plaintiff's treating physician, and she practices internal medicine.

The medical source statements provided by Dr. Hamo, Dr. Mockler, and Dr. Vester include opinions about the limitations and severity of plaintiff's back issues and the

complications from plaintiff's stab wound. Those physicians' opinions and medical source statements discuss the limitations on plaintiff's ability to use his left arm and left hand.

On appeal, plaintiff argues that the ALJ "failed to provide a specific basis to reject the consistent medical opinions of Drs. Mockler, Hamo and Vester regarding the limitations caused by [the claimant's] severe chronic mildly active left ulnar neuropathy." (Doc. # 12 at p. 6). In essence, the plaintiff's contention is that the ALJ's RFC determination is not supported by substantial evidence and is contrary to law because the ALJ did not afford the opinions of Drs. Mockler, Hamo and Vester substantial weight and did not explain his reasons for assigning less credibility to those doctors' opinions. According to plaintiff, had the three physicians' opinions been correctly credited by the ALJ, the only factual determination that could have been made on the medical evidence of record is that plaintiff has little to no use of his left arm and hand. In response to a hypothetical question posed by the ALJ, the vocational expert testified that, if plaintiff were limited to the extent of those doctors' opinion testimony, there are no jobs he could perform. In summary, plaintiff contends that the ALJ committed an error of law with regard to the weight he assigned to the medical sources' opinions, and the error led to incorrect factual conclusions that, in turn, resulted in an erroneous adverse disability finding. The court disagrees.

The following legal principles govern the disposition of the instant case. The Commissioner must specify what weight is given to a treating physician's opinion and any reason for giving it no weight at all. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.

1986) (citing Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) and Wiggins v. Schweiker, 679 F.2d 1387, 1389-90 (11th Cir. 1982)).  Failure to do so is reversible error. Id. (citations omitted).  The opinion of a treating physician "must be given substantial or considerable weight unless good cause is shown to the contrary." Phillips v. Barnhard, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotation marks omitted). "Good cause" exists when:

- the treating physician's opinion was not bolstered by the evidence,
- the evidence supported a contrary finding; or
- the treating physician's opinion was conclusory or inconsistent with his or her own medical records.

Id. at 1241 (citation omitted). The ALJ must clearly articulate his or her reasons for disregarding a treating physician's opinion, and the failure to do so is reversible error. Lewis, 125 F.3d at 1440 (citation omitted); see also 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."). However, when the ALJ adequately states specific reasons for doing so, and those reasons are supported by substantial evidence, there is no such error. Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005) (*per curiam*).

Only treating sources' opinions are granted substantial weight. A specialist is entitled to greater weight in that physician's area of specialization. See 20 C.F.R. §§ 404.1527d(5); 416.927d(5). One-time examiners' opinions are not entitled to the substantial weight afforded to treating medical sources. See 20 C.F.R. §§ 404.1502, 404.1527(c). "Generally, [the Commissioner] give[s] more weight to the opinion of a

7

source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." Ware v. Colvin, 997 F. Supp. 2d 1212, 1218 (N.D. Ala. 2014) (quoting 20 C.F.R. § 404.1527(c)(1)) (bracketed text in original).

The ALJ articulated good cause that is supported by substantial evidence for not affording Dr. Mockler and Dr. Vester substantial weight. The ALJ rejected Dr. Mockler's medical source statement and gave less weight to her opinion testimony because she is not a specialist, she did not have the opportunity to review the entire medical record before forming her opinions, and her testimony conflicts with her own medical records. The ALJ explained that Dr. Vester examined plaintiff on only one occasion, he is not a specialist, and he, like Dr. Mockler, did not review the entire medical record.

The medical evidence to which the ALJ refers, and which Drs. Mockler and Vester did not review, are test results and findings within Dr. Davis's records. However, those records are not relevant to plaintiff's severe impairment of ulnar neuropathy because Dr. Davis only treated plaintiff's back injury. Thus, the fact that Dr. Mockler and Dr. Vester did not have access to Dr. Davis's records does not provide good cause or substantial evidence to reject those physicians' opinions and medical source statements, as they pertain to plaintiff's ulnar neuropathy. Nevertheless, the ALJ's remaining reasons satisfy his obligation to explain what weight he assigned to Dr. Mockler and Dr. Vester and his rationale for his decisions. Those explanations conform with controlling law and are supported by substantial evidence.

The same is not true for the ALJ's treatment of Dr. Hamo's opinions and his medical source statement dated February 23, 2012. The ALJ's universal rejection of the subject

medical source statement and his choice to give only "some weight" to Dr. Hamo's findings and opinions regarding plaintiff's ulnar neuropathy is unexplained in the written decision. Because Dr. Hamo is a treating source, and the ALJ did not articulate reasons for failing to afford Dr. Hamo's opinions and testimony "substantial weight," the ALJ did not apply the proper substantive law. The error is not harmless and necessitates reversal because Dr. Hamo's medical source statement, which is also entitled to substantial weight, places limitations on plaintiff that are contrary to the RFC. The Commissioner must reassess Dr. Hamo's opinion evidence and medical source statement in accordance with proper legal standards.

The court notes that this opinion should not be read to imply that it has determined that the plaintiff is or is not entitled to benefits, or that Dr. Hamo's opinions should or should not be given substantial weight. The court expresses no opinion on those subjects. Reversal is warranted so that the Commissioner can apply the correct legal standards and either (1) reassess plaintiff's RFC, should the Commissioner assign substantial weight to Dr. Hamo's opinions and medical source statement as to the limitations resulting from the severe impairment of ulnar neuropathy, status post stab wound, or (2) articulate legally sufficient reasons based on substantial evidence for giving less than substantial weight to Dr. Hamo's opinions and medical source statement as to left ulnar neuropathy, status post stab wound.

## CONCLUSION

Accordingly, and for the reasons discussed, the decision of the Commissioner will be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) by

separate judgment for the Commissioner to conduct additional proceedings consistent with this opinion.

    DONE, this the 31st day of March, 2016.

                                    /s/ Susan Russ Walker
                                    Susan Russ Walker
                                    Chief United States Magistrate Judge